FILED

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

<u>Jacksonville</u> Division

2017 MAY -4 PM 2:31

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

## CIVIL RIGHTS COMPLAINT FORM

<u>Jesse Edward Moody 2016012096</u>
<u>Jamaal Rackley 2016029412</u>
<u>Joshua Miller 2016029184</u>
(Enter full name of each Plaintiff and prison number, if applicable)

CASE NUMBER: <u>3:17-CV-516-J-32PDB</u>
(To be supplied by Clerk's Office)



v.

<u>Mike Williams</u>
<u>Mike Bruno</u>
<u>T.S. Morris</u>
<u>J. Carter</u>

<u>D. Peoples</u>

(Enter <u>full name</u> of each <u>Defendant</u>. If additional space is required, use the blank area directly to the right).

### ANSWER ALL OF THE FOLLOWING QUESTIONS:

I. <u>PLACE OF PRESENT CONFINEMENT</u>: <u>Duval County Jail, Jacksonville Florida</u>
(Indicate the name and location)

II. <u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>: **Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

III. <u>PREVIOUS LAWSUITS</u>:

DC 225 (Rev 2/2012)

1

A. Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

B. Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

   1. Parties to previous lawsuit:

      Plaintiff(s): _Not Applicable_

      Defendant(s): _____

   2. Court (if federal court, name the district; if state court, name the county):

      _Not Applicable_

   3. Docket Number: _Not Applicable_

   4. Name of judge: _Not Applicable_

   5. Briefly describe the facts and basis of the lawsuit: _Not Applicable_

   6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?):
      _Not Applicable_

   7. Approximate filing date: _Not Applicable_

   8. Approximate disposition date: _Not Applicable_

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so,

identify these suits below by providing the case number, the style, and the disposition of each case: _Not Applicable_

IV. PARTIES: In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: _Jesse Edward Moody_

Mailing address: _500 East Adams St., Jacksonville FL 32202_

B. Additional Plaintiffs: _Jamaal Rackley 500 East Adams st., Jacksonville FL 32202_ _Joshua Miller 500 East Adams St., Jacksonville FL 32202_

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: _Mike Williams_

Mailing Address: _500 East Adams st., Jacksonville FL 32202_

Position: _Sheriff of Duval County_

Employed at: _As the sheriff of Duval County and Duval County Jail_

D. Defendant: _Mike Bruno_

Mailing Address: _500 East Adams St., Jacksonville FL 32202_

E.
Position: Director of Operations
Employed at: Duval County Jail
Defendant: T.S. Morris (After diligent search and inquiry could not obtain Full first and middle name)
Mailing Address: 500 East Adams St., Jacksonville FL 32202

F.
Position: Chief
Employed at: Duval County Jail
Defendant: J. Carter (After diligent search and inquiry could not obtain Full first and middle name)
Mailing Address: 500 East Adams St., Jacksonville FL 32202

G.
Position: Assistant Chief
Employed at: Duval County Jail
Defendant: D. Peoples (After diligent search and inquiry could not obtain Full first and middle name)
Mailing Address: 500 East Adams St., Jacksonville FL 32202

Position: Sergeant
Employed at: Duval County Jail

DC 225 (Rev 2/2012)

4

V. <u>STATEMENT OF CLAIM</u>: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. **Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.**

The Plaintiffs Fourteenth Amendment rights under the Constitution of the United States have been and continue to be violated because Duval County Jail conditions of confinement are unlawful and deprive pretrial detainees of their rights to due process of law. The following enumerated paragraphs state jail conditions that — (Continued on page one (1) of Statement of Claim)

VI. <u>STATEMENT OF FACTS</u>: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant[s]).

The following paragraphs will enumerate each fact(s) that corresponds to the claims mentioned in "Statement of Claim."

1. On December 19, 2016 at 12:55 p.m. in dormitory 2West 2B in Duval County Jail, Plaintiff Moody spoke with Chief T.S. Morris about the inadequate grievance procedure. She admitted the grievance procedure is faulty and advised Plaintiff Moody to simply submit a grievance to an officer and hope that it arrives at its correct destination. This procedure does

not produce a response everytime a grievance is submitted.

Furthermore, ~~[redacted]~~ witness Himes submitted a grievance about the grievance procedure to Sergeant Horton on 12/26/2016. Sergeant Horton confirmed that Duval County Jail's grievance procedure is inadequate. Her response confirms that the grievance procedure has no accountability or integrity. See Exhibit B.

Finally, Duval County Jail Inmate Orientation Handbook section 8 labeled "Complaints and Grievances" sets forth an inadequate grievance procedure for inmates to utilize. See Exhibit A. The Plaintiffs in this complaint have submitted numerous grievances on the issues outlined in this complaint while making copies of some but not all of the grievances submitted. The Plaintiffs did not receive a response to all of the grievances and some of the grievances were not returned. Duval County staff negligence in handling grievances and not responding has caused the Plaintiffs anxiety and undue stress in not being able to resolve issues of unlawful jail conditions. The Plaintiffs have exhausted administrative remedies by utilizing Duval County Jail's grievance procedure.

2. On 12/26/2016 Plaintiff Moody submitted a copied grievance concerning the unlawful extra bunk in each cell.
(continued on page one(1) of Statement of Facts)

VII. **RELIEF REQUESTED**: State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

Plaintiffs respectfully pray that this court enter judgement: ~~[scribbled out]~~


Granting Plaintiffs Moody, ▓▓▓, Miller, and ▓▓ Rackley a declaration that the Duval County Jail conditions, acts, and omissions described herein violate the plaintiffs rights under the Constitution and laws of the United States, and

Order a preliminary and permanent injunction ordering Defendants Williams, Morris, and Carter to implement an adequate grievance procedure to which detainees' grievances can be logged, accounted for and answered, and

A preliminary and permanent injunction, ordering Defendants (continued on page one⁽ⁱ⁾ of Relief Requested)

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this  23  day of  March , 2017.

_Jesse Moody_
_Jauneal Rackley_

_J. Miller_
_▓▓▓▓▓▓_

(Signatures of all Plaintiffs)

**IF MAILED BY PRISONER:**

~~I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail on: the 6 day of April, 2017.~~


## V. Statment of Claim continued

are related that the defendants failed to correct when the Plaintiffs utilized the inadequate grievance procedure.

1. There is no system in place to ensure the integrity of the grievance procedure in Duval County Jail. The Plaintiffs submit grievances to any officer personally by hand and hope and trust this officer will forward them to their shift supervisor. Then the inmate must trust the Sergeant answer or forward the grievance to its respective destination. The officers and Sergeants are not required to sign off on the grievances or log the grievances into any sort of catalogue system. This inadequate procedure is the reason why many of the grievances submitted by the Plaintiffs have never received a response and have not been returned.

2. When originally constructed, Duval County Jail was in compliance with the minimum occupancy standards. The facility has since added another bunk bed to each cell therefore housing three (3) occupants per cell which is unlawful.

3. There is no ventilation unit inside the cells in Duval County Jail that houses inmates. There is only one exhaust duct in each cell that retrieves air above the toilets. Once inmates are in their assigned cells for lockdown and the cell door is closed, there is no air vent putting out filtered air in the cells that produces 10 cubic feet of air circulation per person in the cell which is required.

4. There are not enough shower heads to meet the demands of the over populated amount of inmates in Duval County Jail. There is not one (1) shower head per 16 occupants which is required.

5. In Duval County Jail the shower clean up crew does not clean the showers everyday as required. The shower cleanup crew only cleans

1

## V. Statement of Claim continued

the shower once or at the most twice a week in the dormitories.

6. The plumbing in the cells are inadequate and in poor working order. Many of the sinks are clogged and do not properly drain. When the button on the sink faucet is pushed for dispensing water, the spout shoots the water over the rim of the sink onto the floor forcing the cell occupants to hand craft a fixture out of a styrofoam cup that is affixed to the existing faucet spout that prevents the water from shooting out and onto the floor. This is an extremely unsanitary practice. Additionally, the water shooting onto the floor creates a dangerous area for inmates to accidentally slip and fall.

7. The Plaintiffs and other inmates are influenced to keep a paper bag or other construction over the toilet, acting as a lid, in an attempt to block the foul odor that emits from the toilet. In the holding cells utilized to transport inmates to and from Duval County Jail the foul odor that emits from the toilets in the cells is suffocating and the inmate does not have the option to cover the toilet with anything. This exposure to other inmates feces and urine backing up into the toilets creates very unsanitary conditions. The strong odors are confirmation of elevated levels of bacteria exposure.

8. The dormitories inside Duval County Jail have floor drains that are infested with insects. Gnat-like insects are frequently seen coming out of the floor drains exposing the Plaintiffs and other inmates to harmful diseases.

9. The Plaintiffs and the other inmates of Duval County Jail are not provided with safe filtered drinking water. To hydrate, inmates have no other option but to drink from a shared sink that contains the bateria of other inmates excrements and/or water from the shower.

2

## V. Statement of Claim continued

10. Duval County Jail staff has failed to provide and issue the Plaintiffs and other inmates with a pillow and pillow case which is required.

11. Plaintiffs and other inmates in dormitory 2 West 2B in Duval County Jail and other dormitories in the jail are subject to sensory deprivation. A number of cells do not have windows and some cells that are equipped with windows are obstructed so that inmates have no view of the outside world from inside a number of cells and dormitories. The Plaintiffs and other inmates are entitled to have the option to view the outside world while being detained in any jail or prison.

12. The Plaintiffs and other inmates in Duval County Jail are kept isolated from the outside world with regards to current events and affairs of life. Televisions are not provided for viewing and neither is newspapers provided for reading by the jail as required by law. Radios and other audio producing devices are not provided for purchase or made available by other means to give inmates the opportunity to avoid mentally deteriorating. Not allowing inmates access to the aforementioned items is an exaggerated response to a security need because convicted inmates in Florida prisons have access to the items. This is punishment for pretrial detainees.

13. Duval County Jail staff has restricted the Plaintiffs and other inmates from receiving any photographs, logos, or graphic designs hindering pretrial detainees from continuing operations of business in free society. Not allowing pretrial detainees and other inmates the opportunity to receive photographs of family and friends is sensory deprivation. Additionally, not allowing inmates access or opportunity to receive photographs is an exaggerated response to a security need because convicted inmates in Florida prisons can receive photographs.

3

## V. Statement of Claim continued

14. The Duval County Jail staff in charge of overseeing incoming and outgoing mail rejects mail that is allegedly contraband without giving a written notice to the inmate. The Plaintiffs and other inmates are entitled to a notification when their mail is rejected and a written notice as to why the inmate is not authorized to receive the material in question.

This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). In this complaint, each Defendant is sued individually and in his or her official capacity. At all times mentioned in this complaint each Defendant acted under the color of state law.

The defendants in this complaint have and continue to deliberately violate the plaintiffs rights of life, liberty, property, and equal protection of the law by not following the laws set forth in the Fourteenth Amendment of the constitution of the United States, laws and treaties of the United States, and blatantly disregarding the regulations and laws of the Florida Model Jail Standards. Their negligence, acts of omission, and acts of commission has lead to punishment of the Plaintiffs as pretrial detainees witch is forbidden by the due process clause of Constitutional Amendment 14.

4

## VI. Statement of Facts continued

On 12/28/2016 Lieutenant M. Forbrich responded to the grievance by simply checking the unresolved box on the back of the grievance without stipulating a further course of action for Plaintiff Moody to receive relief and the other Plaintiffs for this unlawful jail condition. See Exhibit E. On 01/04/2017 Plaintiff Moody submitted an uncopied grievance concerning the aforementioned issue to Director of Operations Defendant Bruno but did not receive a response. The extra bunk limits mobility in a cell where the Plaintiffs and other inmates are suffering due to restricted mobility before and after lockdown, unecessary conflicts when two of the inmates in the cell want to talk to each other while the other inmate wants to sleep, and limited use of the cell's facilities and storage for a cell originally designed to house only two people.

   3. On 12/26/2016 Plaintiff Moody submitted a copied grievance concerning the inadequate air circulation in the cells of inmate housing. On 12/28/2016 Lieutenant M Forbrich responded by stating "There is an air vent located in each cell above the sink and toilet." See Exhibit Q. Lieutenant M. Forbrich's response is untrue because there is only an exhaust duct in each cell that retrieves air from the cell. Plaintiff Moody attempted to grieve the issue again on 01/04/2017 but did not receive a response from the uncopied grievance. In large dormitories there are two air vents and in small dormitories there is one air vent putting out air that are located outside the sleeping area cells inside the dormitories. The filters in the air vents are not adequately clean to put out purified air for inmates to breathe. The air vents outside the cells do not circulate the required amount of air into each cell for inmates which has caused the Plaintiffs to suffer and endure frequent headaches, breathing problems, and sinus problems.

VI Statement of Facts continued

4. On 12/16/2016 Plaintiff Moody submitted a grievance to Defendant Assistant Chief Carter about the lack of shower heads that are not sufficient for the overcrowded capacity of inmates in Duval County Jail. Plaintiff Moody did not make a copy of the grievance and did not receive a response about the issue. Due to the unlawful amount of occupants housed in dormitories at times there is conflict between inmates, especially the plaintiffs mentioned in this complaint, over shower usage. These conflicts have caused physical confrontations and Plaintiffs not being able to take a shower daily.

5. On 12/26/2016 Plaintiff Moody submitted a grievance concerning Duval County jail staff ensuring the showers are cleaned daily. On 12/27/2016 Lieutenant M. Forbrich responded by stating "FMJS states inmates shall clean toilets daily, when cleaning supplies are put in the dorm you are responsible for daily cleaning," See Exhibit C. His response does not address the issue of daily shower cleaning. Also, general population inmates are not allowed to handle the chemicals that are required to clean the showers. Plaintiff Himes submitted an uncopied grievance concerning the lack of daily shower cleaning on 01/04/2017 but did not receive a response. Defendants Chief Morris and Assistant Chief Carter's negligence in ensuring the Duval County Staff have the showers cleaned daily have exposed the Plaintiffs to harmful diseases and germs. This over exposure to germs has caused the Plaintiffs to suffer and endure frequent bodily ailments due to the lack of daily shower cleaning.

6. Plaintiffs Moody, Miller, and Rackley submitted grievances that were not copied on 12/26/2016 concerning the faulty plumbing system of Duval County Jail. The grievances did not receive a response. The copied grievance ~~witness~~ Himes submitted on 12/26/2016 about the plumbing issues received a response by Lieutenant M. Forbrich

2

## VI Statement of Facts continued

which states "Your issues have been logged into our maintenance books." See Exhibit K. Some of the plumbing issues mentioned in the grievances have not been resolved. The Plaintiffs and other inmates currently still have to place a constructed device over the water spiket in the cells to prevent water from spilling onto the floor. On 11/08/2016 the constructed device fell off the water spiket in cell 44 of 2West 2B and water spilled onto the floor causing Plaintiff Moody to slip and bang his knee on the toilet.

7. On 12/06/2017 Plaintiff Moody and Rackley submitted two grievances concerning the foul odors in the jail that was not copied, did not receive a response, and neither were the grievances returned to the Plaintiffs. Subsequently, Plaintiff Moody filed an uncopied grievance to Defendant Chief Morris about the foul odors in the jail and did not receive a response and neither was the grievance returned. The Plaintiffs continue to suffer from foul odors inside holding cells utilized to transfer inmates to and from court, foul odors in sleeping areas, and foul odors emitting from the pipe chases throughout the jail. Due to the on-going foul odors in the jail the Plaintiffs continue to suffer headaches, throat soarness, and sinus problems.

8. On 12/06/2017 Plaintiff Miller submitted an uncopied grievance concerning cockroaches seen in the floor drains and gnat-like insects flying around inside the dormitories. Plaintiff Miller did not receive a response to the grievance and neither was it returned. Defendants Director of Operations Bruno, Chief Morris, and Assistant Chief Carter have not corrected this issue. In and on the outside of the holding cells on the first floor of the jail that are utilized to detain inmates transferred to and from court, there remains a high concentration unidentifiable insects flying aroud the cells. There also remains a constant exposure to unknown insects flying around in sleeping areas that have not

3

## VI Statement of Facts continued

been eradicated. These insects are attracted to food and the Plaintiffs have suffered bodily ailments due to their unlawful presence in the jail.

9. On 12/26/2016 Plaintiff Moody submitted a copied grievance about the Plaintiffs and other inmates in Duval County Jail not given access to safe drinking water. Lieutenant M. Forbrich responded on 12/28/2016 stating "FMJS 12.01 does not state water must be filtered. The water is from an approved existing Public supply: As FMJS requires." See Exhibit D. This response does not resolve the issue that the Plaintiffs and other inmates are not issued safe water to drink. On 01/04/2017 Plaintiff Moody submitted another grievance concerning unsafe drinking water to Defendant Sheriff Williams but did not receive a response and neither was the grievance returned. The Plaintiffs have suffered and continue to suffer soar throats and other undiagnosed health problems due to having no choice but to drink from the same water sources that are used by inmates to wash their hands and take showers.

10. On 12/26/2016 Plaintiff Moody submitted a copied grievance concerning the staff not providing inmates with a pillow and pillow case. On 12/28/2016 Lieutenant M. Forbrich simply checked the box "unresolved," in his response and did not issue a statement. See Exhibit F. It is the responsibility of Defendant Sheriff Williams to ensure a pillow and pillow case is issued to all inmates that are detained in Duval County Jail. The Plaintiffs continue to suffer neck cramps and sleeping disoders due to negligence of not being issued a pillow and pillow case.

11. On 12/26/2016 Plaintiff Moody submitted an uncopied grievance about many cells in Duval County Jail that do not have windows and a number of the cells that have windows have an obstruction over the windows which prevents inmates from viewing the outside word. Plaintiffs

## VI Statement of Facts continued

Moody, Miller, and Rackley were all assigned to 2West2B of Duval County Jail for a period of their incarceration and 2West2B cells do not allow inmates to view the outside world from inside the dormitory nor the sleeping cells because the cells were constructed without windows and the one window in the dayroom has an obstruction over the window. The Plaintiffs have been assigned to sleep in cells that prevent viewing the outside world has suffered psychological stress and sensory deprivation.

12. On 12/06/2016 Plaintiffs Moody, Rackley, and Miller submitted grievances addressing the issue of Defendant Sheriff Williams not allowing pretrial detainees in Duval County Jail nor convicted inmates access to televisions, radios, and/or newspapers. The grievances did not receive a response and neither were the grievances returned. Defendant Sheriff Williams failure to provide radios, televisions, and or newspapers has caused the Plaintiffs to suffer undue stress, anxiety, and sensory deprivation. Additionally, not allowing the Plaintiffs access to the aforementioned items is punishment towards pretrial detainees because convicted prisoners have access to the items.

13. On 12/06/2016 Plaintiff Moody submitted a grievance inquiring as to why pretrial detainees and other inmates in Duval County Jail are not allowed to receive photographs, pictures, and graphic designs. The grievances did not receive a response and neither were the grievances returned. Defendant Sergeant Peoples allows inmates to to receive magazines and newspapers that contain pictures, photographs and graphic designs but inmates are not allowed to receive pictures and photographs from family and friends and lawyers. Not allowing pretrial detainees and inmates to receive the aforementioned items hinders and has prevented Plaintiffs and other inmates from conducting their businesses in society and has caused the Plaintiffs to suffer sensory deprivation. Additionally, not allowing the Plaintiffs to receive photographs and pictures is punishment towards pretrial detainees and

VI Statement of Facts continued

the Plaintiffs and other inmates because Florida prisoners are not restricted from receiving the items.

14. On 12/06/2016 Plaintiff Moody submitted an uncopied grievance asking why Sergeant Peoples and her staff reject mail that is deemed contraband without giving a rejection notice to the inmate. The grievance did not receive a response and neither was the grievance returned. Rejecting mail without giving notice to the inmates have caused families and friends of the Plaintiffs to waste resources and money by not having the rejected items returned to sender and the Plaintiffs have suffered irreparable harm by not receiving materials that could have possibly been reclassified as not considered contraband.

## VII Relief Requested continued

Williams and Bruno have the bunk removed out of each cell that currently houses three (3) bunk beds to restore the two (2) occupancy standard as the maximum number of beds the cells were originally designed to hold to house inmates, and

A preliminary and permanent injunction ordering Defendant Williams and Bruno to have an air vent added inside each cell to circulate purified air into the cells or allow a secure means to open the windows in each cell to allow fresh air to circulate, and

A preliminary and permanent injunction ordering Defendants Bruno, Morris, and Carter to ensure the showers, toilets, urinals, and sinks are cleaned daily in the dormitories where inmates are housed, and

A preliminary and permanent injunction ordering Defendants Bruno, Morris, and Carter to overhaul the plumbing system in Duval County Jail and hire more plumbers to ensure the plumbing in the jail is in good working order, and

A preliminary and permanent injunction ordering Defendants Bruno, Morris, and Carter to take necessary action to eliminate all insects and rodents from the jail, and

A preliminary and permanent injunction ordering Defendant Williams to provide safe filtered drinking water to all inmates in Duval County Jail, and

A preliminary and permanent injunction ordering Defendants Williams and Bruno to restore Plaintiffs and all inmates view of the outside world by removing all obstructions on the inmate cell windows in the dormitories, and

A preliminary and permanent injunction ordering Defendants Bruno, Morris, and Carter remove all general population inmates from sleeping area cells that do not have windows and permanently deem those cells inhabitable, and

1

## VII Relief Requested continued

A preliminary and permanent injunction ordering Defendants Williams and Bruno provide and supply inmates with a pillow and pillow case, and

A preliminary and permanent injunction ordering Defendants Williams and Bruno provide televisions for viewing, newspapers for reading, and audio devices like radios and/or Mp3 players available for purchase or provide Plaintiffs and other inmates access to the aforementioned items by other means, and

A preliminary and permanent injunction ordering Defendant Peoples to allow the Plaintiffs and all inmates in the jail to receive pictures, photographs, logos, and other business and non-business related images, and

A preliminary and permanent injunction ordering Defendant Peoples to provide a written response to the Plaintiffs and all inmates in the Duval County Jail when his or her mail is rejected, and

Granting Plaintiff Moody compensatory damages in the amount of three hundred (300) dollars a day from the date of his detainment in Duval County Jail of May 08, 2016 until the present and for everyday thereafter he is subject to the unlawful jail conditions mentioned in this complaint, and

Granting Plaintiff Rackley compensatory damages in the amount of three hundred (300) dollars a day from the date of his detainment in Duval County Jail of November 20, 2016 until the present and for everyday thereafter he is subject to the unlawful jail conditions mentioned in this complaint, and

Granting Plaintiff Miller, compensatory damages in the amount of

## VII Relief Requested continued

of three hundred (300) dollars a day from the date of his detainment in Duval County Jail of November 17, 2016 until the present and for every day there after he is subject to the unlawful conditions mentioned in this complaint, all aforementioned compensatory damages are against Defendants Williams, Bruno, Morris, and Carter jointly and severally, and,

Granting Plaintiffs Moody, Miller, and Rackley compensatory damages in the amount of ten thousand (10,000) dollars only against Defendant Peoples for each Plaintiff, and

Granting Plaintiffs Moody, Miller, and Rackley who seek punitive damages in the amount of one hundred thousand (100,000) dollars against Defendants Williams, Bruno, Morris, and Carter jointly and severally, and

Plaintiffs seek a jury trial on all issues triable by jury, and
Plaintiffs seek recovery of their cost in this suit, and
Any additional relief this court deems proper, just, and equitable.

3